UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAURA L. HASTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:10CV1679 FRB |
| | ) |
| AT&T UMBRELLA BENEFIT PLAN #1, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Presently before the Court is Defendant At&T Umbrella Benefit Plan No. 1's Motion For Summary Judgment (Docket No. 15). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

On September 10, 2010, plaintiff Laura L. Hasty filed her complaint in this Court pursuant to 29 U.S.C. § 1132(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"). In her complaint, plaintiff alleged that the defendant wrongfully denied her disability benefits after September 10, 2007; caused the cancellation of her health insurance benefit; and failed to provide her with a full and fair administrative review.

Defendant now moves for summary judgment, arguing that the decision to deny plaintiff's claim for benefits was both reasonable and supported by substantial evidence. In support of the instant motion, defendant submitted the administrative record

- 1 -

regarding plaintiff's case, authenticated by the sworn affidavit of Ms. Renee William, who is employed as a senior benefits analyst for AT&T Services, Inc. and by the sworn affidavit of Ms. Susan Hagestad, who is employed as an appeals manager for Sedgwick Claims Management Services, Inc.  Defendant also submitted a statement of uncontroverted material facts as required by the Local Rules of this Court, and a supporting memorandum.

Plaintiff filed nothing within the time allowed for responding to motions for summary judgment.  However, on January 11, 2012, plaintiff filed a motion for an extension of time, to and including February 1, 2012, in which to file a response to the motion for summary judgment.  (Docket No. 19).  In support of the requested extension, counsel for plaintiff acknowledged the defendant's motion, but stated that preparing a response had taken more time than anticipated, and that unexpected emergencies had arisen and prevented the filing of a timely response.  (Id.)  On that same date, this Court granted plaintiff's request for an extension.  (Docket No. 20).  However, as of the date of this Memorandum and Order, plaintiff has filed no response to defendant's motion for summary judgment, nor has she sought additional time to do so.

On February 6, 2012, defendant noted the absence of a response from plaintiff, and asked that this Court grant its motion.  (Docket No. 21).  Plaintiff filed nothing in reply.

**I.   Analysis**

   A.   Legal Standards

Pursuant to Fed.R.Civ.P. 56(c), a court may grant summary judgment if the information before the court shows that there are no material issues of fact in dispute, and that the moving party is entitled to judgment as a matter of law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).  The burden of proof is on the moving party to set forth the basis of its motion, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), and the court must view all facts and inferences in the light most favorable to the non-moving party.  Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986).

Once the moving party shows there are no material issues of fact in dispute, the burden shifts to the adverse party to set forth facts showing there is a genuine issue for trial.  Id.  The non-moving party may not rest upon her pleadings, but must come forward with affidavits or other admissible evidence to rebut the motion.  Celotex, 477 U.S. at 324.  "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may ... grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it[.]").  Fed.R.Civ.P. 56(e)(3).  As the Supreme Court has observed, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at

- 3 -

trial." Id. at 322.

Under ERISA, a plan participant may bring a civil action to "recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Although ERISA itself does not specify the appropriate standard of review, the United States Supreme Court has held that a reviewing court should use a de novo standard of review, unless the plan grants the administrator the authority to determine eligibility for benefits, or to construe the terms of the Plan. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). When the plan administrator possesses such discretionary powers, the district court reviews the administrator's decision for abuse of discretion. Green v. Union Sec. Ins. Co., 646 F.3d 1042, 1050 (8th Cir. 2011); McGee v. Reliance Standard Life Insurance Company, 360 F.3d 921, 924 (8th Cir. 2004); Cash v. Wal-Mart Group Health Plan, 107 F.3d 637, 640-41 (8th Cir. 1997). Under this deferential standard of review, an administrator's decision must stand unless it was arbitrary and capricious. Green, 646 F.3d at 1050. The district court shall uphold the administrator's decision if that decision was "reasonable; *i.e.*, supported by substantial evidence." McGee, 360 F.3d at 924. Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (citing Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). If substantial evidence is found, the Administrator's decision should be upheld

- 4 -

even if a different, reasonable interpretation exists. Cash, 107 F.3d at 641.

Under ERISA, a plan must provide participants a reasonable opportunity for a full and fair review of benefits determinations. 29 U.S.C. § 1133. A review procedure violates ERISA if it "unduly inhibits or hampers the initiation or processing of plan claims." 29 C.F.R. § 2560.503-1(b)(1)(iii). When a plan fails to establish or follow reasonable claims procedures, the remedy provided to the claimant is that his administrative remedies are deemed exhausted. Price v. Xerox Corp., 445 F.3d 1054, 1056 (8th Cir. 2006).

B. Evidence Before the Court on the Motion

Defendant's statement of uncontroverted material facts, filed with the instant motion, establishes the following.[1] Plaintiff was formerly employed by Southwestern Bell Yellow Pages as an Account Representative. (Administrative Record ("A.R.") at 000471, 000469).[2] Plaintiff was an eligible employee under the AT&T Disability Income Program ("the Program"), which qualifies as an employee welfare benefit plan under ERISA. (Docket No. 16-1, Affidavit of Renee Williams ("Williams Affidavit")). AT&T Inc. is the Plan Sponsor and Plan Administrator for the Program. (A.R. 000004, 000033). The Program specifies that the Claims

---

[1] Because plaintiff has not responded to the instant motion or made any attempt to address the defendant's statement of uncontroverted material facts, these facts are considered undisputed. Fed.R.Civ.P. 56(e)(2).

[2] The Administrative Record, which spans over 500 pages, is filed as docket number 14, attachments 1-22. For purposes of simplicity, the undersigned will, as defendant does, reference the Administrative Record as "A.R." and will cite to the page numbers contained within the document itself.

- 5 -

Administrator is the individual or entity appointed by the Plan Administrator to grant, deny or review claims under the Program or any portion thereof.  (A.R. 000030).  The Program contains a Summary Plan Description ("SPD") which includes a summary of the plan and the plan itself, and provides that it governs and is the final authority on the terms of the Program.  (A.R. 1; Williams Affidavit).

The SPD provides that the "Plan Administrator has the sole and absolute discretion to interpret the provisions of the Program, to make findings of fact, determine the rights and status of participants and others under the Program, and decide disputes under the Program."  (A.R. 000033).  The SPD further provides that this authority can be delegated.  (<u>Id.</u>)  The Plan Administrator delegated to Sedgwick Claims Management Services, Inc. ("Sedgwick") the authority to determine whether an eligible employee who has filed a claim is entitled to benefits under the Program, including the authority to determine claims and appeals on such matters. (A.R. 000037).

Under the Program, plaintiff was required to "periodically furnish satisfactory Medical Documentation" of her disability from her physician.  (A.R. 000008).  The Program provided that benefits could be discontinued or denied if plaintiff failed to provide medical documentation or other information reasonably required by the administrator for purposes of administering the claim.  (A.R. 000025).

Beginning July 20, 2007, plaintiff was absent from work,

- 6 -

and she filed a claim for disability benefits. (A.R. 000512). Plaintiff was repeatedly notified of the requirement to furnish medical documentation to support her claim, and was ultimately informed that no such documentation had been received. (A.R. 000503, 000179-000182). Subsequently, a nurse faxed a form note to Sedgwick stating that plaintiff could not work from July 16, 2007 to "indefinitely," but the note contained no information regarding the medical condition at issue or an explanation of plaintiff's need to be absent from work. (A.R. 000519). After Sedgwick notified plaintiff of the deficiency, Sedgwick received satisfactory medical documentation from plaintiff's medical care provider and approved her claim from July 27, 2007 through September 30, 2007; notified plaintiff of the approval and the relevant dates; and notified her that additional satisfactory medical documentation would be necessary to extend benefits beyond that point. (A.R. 000199, 000258, 000200-000201). Following the expiration of that period, Sedgwick notified plaintiff that no additional satisfactory medical documentation had been received and that her claim was in denial status due to lack of medical documentation, informed her regarding her right to appeal, and furnished her with an appeal form and appeal procedures. (A.R. 000201, 000287-000289).

On December 21, 2007, Sedgwick received medical documentation indicating that plaintiff had been under care for gallbladder surgery on December 11, 2007 and would be able to return to work on January 2, 2008 with lifting restrictions until

January 16, 2008.  (A.R. 000314-000315).  Sedgwick notified plaintiff that this information did not support a disability from October 1, 2007 through her return to work date, and that the information did not alter the denial decision.  (A.R. 000316-000320).  Finally, on January 22, 2008, plaintiff faxed to Sedgwick a letter dated January 16, 2008 indicating that plaintiff was being treated for lower extremity pain and was unable to work full-time, and further indicating treatment plaintiff had received for a rash and foot pain, and documenting her request for a change in her medication.  (A.R. 00033-000346).  The following day, Sedgwick advised plaintiff that the information did not provide clinical evidence to support disability from October 1, 2007 through her return to work date.  (A.R. 000347-000351).

Plaintiff appealed the denial, and it was determined that medical documentation submitted, including reports from plaintiff's own physicians and from reviewing physicians, supported a finding of disability from December 10, 2007 to January 16, 2008 due to gallbladder surgery, but that the previous denial determination otherwise stood.  (A.R. 000482, 000489-000490).

    C.   <u>Discussion</u>

As noted above, the Program herein granted discretionary authority to the Plan Administrator and provided that such authority could be delegated, and such authority was in fact delegated to Sedgwick.  Therefore, under <u>Firestone</u> and its progeny, the denial decision in this case shall be reviewed under the deferential abuse of discretion standard.

Defendant's motion and supporting materials, including all of the facts considered undisputed, supra, show that defendant is entitled to summary judgment in its favor. Defendant has submitted admissible evidence, supported by the sworn affidavits of Renee Williams and Susan Hagestad, that, although the Program provided and plaintiff was advised that satisfactory medical documentation was required to support her claim of disability, plaintiff failed to provide satisfactory medical documentation to support her claim for the entire period she claimed benefits. The evidence submitted by defendant further establishes that the Program provided that benefits would be discontinued or denied in the absence of medical documentation or other evidence reasonably required by the administrator; that plaintiff was notified of this fact; and that plaintiff nevertheless failed to provide satisfactory medical documentation to support her claim for the entire period for which she claimed benefits. Having reviewed all of the evidence of record in the light most favorable to plaintiff, and having reviewed the decision to discontinue plaintiff's benefits under the deferential abuse of discretion standard, the undersigned concludes that defendant has established that the denial decision in this case was not arbitrary and capricious, but was in fact reasonable, in that it was supported by substantial evidence. The evidence submitted by defendant further establishes that plaintiff was given full and fair review of the denial decision, such review actually resulting in plaintiff receiving additional benefits. See Anderson v. U.S. Bancorp, 484 F.3d 1027,

1033 (8th Cir. 2007) (a plan's reversal of a portion of a denial was found to support the conclusion that a full and fair review had occurred). Defendant has met its burden of establishing that there are no material issues of fact in dispute and that it is entitled to judgment in its favor, thereby shifting the burden to plaintiff to show that there remains a genuine issue for trial. See Matsushita Elec. Indus. Co., 475 U.S. at 587.

Plaintiff has not only failed to come forth with affidavits or other admissible evidence refuting this evidence or showing a genuine issue for trial, she has wholly failed to respond to the motion. Thus, the undersigned is now faced with ruling on defendant's motion for summary judgment with substantial evidence supporting the administrator's decision to discontinue plaintiff's benefits on the one hand, and merely the bare averments of the complaint on the other. Because defendant has produced evidence showing that there was substantial evidence to support the denial decision in this case, and because plaintiff has failed to make a showing sufficient to establish the existence of an element essential to her case and on which she will bear the burden of proof at trial, defendant is entitled to the entry of summary judgment in its favor on plaintiff's complaint. See Celotex, 477 U.S. at 322, 324; Fed.R.Civ.P. 56(e)(3). The undersigned concludes that there was no abuse of discretion in the decision to discontinue plaintiff's benefits, and that the administrator's decision was reasonable and supported by substantial evidence. In accord with Firestone and its progeny, therefore, this Court must

uphold the Administrator's decision.  <u>Firestone</u>, 489 U.S. at 115.

In the instant motion, defendant also requests "its reasonable attorney's fees and expenses pursuant to ERISA § 502(g)."  (Docket No. 15 at 2).  When examining whether to award attorney's fees in an ERISA case, courts are to consider: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties could deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal [question] regarding ERISA itself; and (5) the relative merits of the parties' positions. <u>Rote v. Titan Tire Corp.</u>, 611 F.3d 960, 964 (8th Cir. 2010) (citations omitted).  In the instant motion and accompanying memorandum and exhibits, defendant does not include a schedule of its attorney's fees and expenses, nor does defendant submit evidence addressing the factors enumerated above.

Defendant's request for "its reasonable attorney's fees and expenses" will be denied without prejudice.  If defendant continues to seek attorney's fees and expenses, it may do so in a post-judgment motion addressing the factors set forth above, accompanied by a schedule of its attorney's fees and expenses.  In the event defendant files such a motion, plaintiff will be given an opportunity to file a response.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant At&T Umbrella Benefit Plan No. 1's Motion For Summary Judgment (Docket No. 15) is granted to the extent defendant seeks the entry of summary judgment in its favor on plaintiff's complaint.

**IT IS FURTHER ORDERED** that Defendant At&T Umbrella Benefit Plan No. 1's Motion For Summary Judgment (Docket No. 15) is denied without prejudice to the extent defendant seeks attorneys' fees and expenses.

*Frederick R. Buckles*
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of March, 2012.